# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| Plaintiff, ) | **CRIM. NO.: 10-cr-11** |
| v. ) | |
| ) | |
| **JIMMY DAVIS**, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION

Finch, Senior Judge

THIS MATTER comes before the Court on Defendant Jimmy Davis' Motion For Revocation of Order granting Government's Motion for Detention ("Motion for Revocation"). The Defendant seeks to revoke the Magistrate Judge's Order of March 10, 2010 granting the Government's Motion for Detention of the Defendant.

### I. BACKGROUND
#### A. Procedural Background

On March 3, 2010, an information was filed in the district court charging Defendant Jimmy Davis ("Defendant" or "Davis") with the following criminal counts: (1) felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1); (2) felon in possession of ammunition, a violation of 18 U.S.C. § 922(g)(1); (3) unauthorized possession of a firearm, a violation of local statute 14 V.I.C. § 2253(a); and (4) interfering with an officer discharging his duty, a violation of local statute 14 V.I.C. § 1508. On March 5, 2010, the Government filed a Motion for Detention of Defendant, and a hearing was held on the motion before the magistrate judge on March 10, 2010. On March 12, 2010, the magistrate judge granted the Motion of the

Government and Defendant responded with the Motion for Revocation now under consideration.[1]

### B. The Detention Hearing

At the detention hearing on March 10, 2010, Defendant was present with counsel. In presenting the case for Davis' detention, the Government relied on its motion for detention and accompanying exhibits, including the affidavit of Detective Corporal Jose Silva, an investigator with the Virgin Islands Police Department in St. Croix, and documentation of Defendant's criminal record. Defendant offered his own sworn testimony by affidavit along with the testimony of his girlfriend Rhonda Mason.

The affidavit of Jose Silva provided information about three separate incidents within the last five months in which the Defendant allegedly engaged in criminal conduct, including the criminal conduct that is the subject of this matter. The criminal conduct alleged in the instant matter occurred on February 13, 2010. At the time of this incident, there were two pending cases against Defendant in the Superior Court of the Virgin Islands. (Gov't Ex. C and Ex. D). On February 13, 2010, police attempted to execute an arrest warrant for Defendant for assault third, reckless endangerment first, possession of a dangerous weapon during the commission of a crime of violence, reckless driving, operating a motor vehicle without a drivers license and damage to property. When approaching #816 Williams Delight in Frederiksted, where Davis was living with his mother Sheila Davis, police observed what was later determined to be a "dummy grenade" being tossed from a window of the house. Inside the same house, police found a .40 caliber Smith & Wesson pistol, loaded with eleven bullets. (Aff. Silva ¶¶ T-X).

The two pending cases against Defendant in Superior Court stemmed from incidents which occurred on November 14, 2009 and January 31, 2010. On November 17, 2009, Defendant was arrested pursuant to a Superior Court warrant on charges of reckless endangerment first, assault third and possession of a firearm during the commission of a crime of violence for actions that occurred on November 14, 2009. At the time of Defendant's arrest, police discovered a .22 caliber long rifle pistol in the apartment where Defendant resided. On

---

[1] Subsequently, the Government dismissed the information against Davis in Criminal Case No. 10-cr-5 and brought the same charges against Davis in an indictment in the above-captioned case.

January 22, 2010, a Pretrial Release Order was issued from the Superior Court stating that Davis was to be released with conditions. (Aff. Silva ¶¶ A-F.) On January 31, 2010, police responded to a tip that an armed individual had entered the Aureo Diaz housing community, and subsequently engaged in a high speed car chase of Davis wherein Davis drove without regard for traffic signals, crashed a vehicle into private property causing damage to that property, pointed a handgun at the VIPD officer Roland Wright, who was pursuing him, and eventually eluded capture. (Aff. Silva ¶¶ G-S.) In addition to these three incidents, a criminal record check from 1996 to the present revealed that Davis had a criminal history that included twenty-three arrests and a September 11, 2009 felony conviction for first degree reckless endangerment. (Gov't. Ex. B, E and F.)

In Davis' affidavit, Davis denied that he engaged in any of the criminal conduct described above, and denied that he possessed a firearm on the dates described above. (Def. Ex. 1.) Davis also attested that he was born in St. Croix and has lived here all his life, that his parents and other close family members live on St. Croix and that he did not own a passport. Davis also presented the testimony of his girlfriend, Ms. Rhonda Mason, whom he proposed as a third party custodian. (FTR. 3:14:58). Ms. Mason testified that she has known Davis for ten years and has been in a relationship with him for three months. Ms. Mason, who is 27 years old, resides at 9058 Estate Bellvue Rattan, St. Croix with her four children, ages 3-11. Defendant is not the father of Ms. Mason's children. Ms. Mason is employed at McDonald's in Estate Golden Rock, Christiansted, St. Croix. Ms. Mason indicated her willingness to follow all orders of the court as a third party custodian of Defendant.

## II. DISCUSSION
### A. Standard of Review

Pursuant to 18 U.S.C. § 3145 (b), "[i]f a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The district court reviews the pretrial detention order de novo and "should not simply defer to the judgment of the magistrate, but reach its own independent conclusion." *United States v. Tyson*, 2008 WL 4415298, at *2 (D.V.I. Sept. 23,

2008) (citing *United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir.1992); *United States v. Leon*, 766 F.2d 77, 80 (2nd Cir.1985) (noting that a reviewing court "should fully reconsider a magistrate's denial of bail")).

"In conducting a de novo review of a magistrate judge's pretrial detention order, the court may rely on the evidence presented before the magistrate judge." *Tyson*, 2008 WL 4415298 at *2 (citing *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir.1990); *United States v. Chagra*, 850 F. Supp. 354, 357 (W.D. Pa. 1994) (noting that the court may incorporate the records of the proceedings and the exhibits before the magistrate judge)). The reviewing court also may exercise its discretion to hold an evidentiary hearing if necessary or desirable to aid in the determination. *Tyson*, 2008 WL 4415298, at *2 (citing *Koenig*, 912 F.2d at 1193).

### B. Standard for Pretrial Detention

A judicial officer is authorized to order pretrial detention of a defendant upon determining that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The following four factors are considered when deciding whether to order detention:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142 (g).

To justify pretrial detention, the government must establish risk of flight by a preponderance of the evidence, and dangerousness by clear and convincing evidence. *United States v. Richardson*, 2009 WL 2044616, at *3 (D.V.I. July 9, 2009) (citing *United States v. Himler*, 797 F.2d 156, 160-61 (3d Cir.1986); 18 U.S.C. § 3142(f); *United States v. Traitz*, 807 F.2d 322, 324 (3d Cir.1986)).

### III. ANALYSIS
#### A. Flight Risk

The Government suggests that, due to the potential length of the sentence associated with the crimes herein charged against Defendant, there is some risk of flight. However, the Government conceded that the risk was not great. Given Defendant's ties to the community, including his long-term residence in St. Croix, the presence of his parents and other family members, as well as a lack of evidence that Defendant has attempted to evade any prior charges through flight, the facts presented by the Government fail to establish a risk of flight by a preponderance of the evidence. *Richardson*, 2009 WL 2044616, at *3.

#### B. Safety of the Community

Taking into account the factors under § 3142(g), the evidence presented by the Government raises serious concerns about the safety of the community if the Defendant were to be released prior to trial.

First, the Court notes that Defendant is charged with a serious crime, and the circumstances of the crime indicate a potential for harm to law enforcement as well as civilians.

The Defendant was found in possession of a firearm and attempted, at minimum, to obstruct the duty of officers in executing a warrant for his arrest. Second, the weight of the evidence is considerable, given the fact that police officers witnessed the throwing of the grenade and found the firearm in the residence where only Davis and his mother were living.

Third, the background of Defendant shows a propensity to engage in criminal conduct, especially conduct that involves firearms. When Defendant allegedly engaged in the criminal conduct charged in this court, two cases were pending against him in the Superior Court based on incidents which occurred in November 2009 and January 2010. In both of those cases, Defendant was charged with reckless endangerment in the first degree and carrying or using a dangerous weapon during the commission of a crime of violence. Furthermore, Defendant has a felony conviction for reckless endangerment in the first degree.[2] Defendant's felony conviction and current pending charges in the Superior Court and in this Court persuade the Court that Defendant presents a threat to law enforcement and the community at large.

In sum, the Court finds that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community" and thus affirms the magistrate judge's detention order. A separate Order will issue ordering the same.

ENTER:

DATED:   April 12, 2010               _____/s/_____
                                       HONORABLE RAYMOND L. FINCH
                                       SENIOR DISTRICT JUDGE

---

[2] The Court also notes that Defendant has an extensive arrest record. From the period of 1996 through 2009, Defendant was arrested 23 times for criminal acts including assault, burglary, robbery, possession of a controlled substance, rape, kidnapping, and attempted murder. (Gov't Ex. E.)